NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-257

RICHARD E. WALTERS, ET AL.

VERSUS

SHELTER MUTUAL INSURANCE CO., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 40,726
HONORABLE LEO BOOTHE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

OSWALD A. DECUIR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

AFFIRMED AS AMENDED.

Charles S. Norris, Jr.
Attorney at Law
P. O. Box 400
Vidalia, LA 71373
(318) 336-1999
Counsel for Plaintiffs/Appellees:
        Richard E. Walters
        Alice Cynthia Walters

Michael D. Hislop
David L. Roberson II
Bolen, Parker & Brenner, LTD.
P.O. Box 11590
Alexandria, LA 71315-1590
(318) 445-8236
Counsel for Defendants/Appellants:
        Shelter Mutual Insurance Co.
        Timothy E. Welch, d/b/a Tim Welch Farms
        Billy D. Willis

**DECUIR, Judge.**

A collision between a motorcycle and a tractor on Louisiana Highway 15 resulted in injuries to the plaintiffs, Richard and Alice Cynthia Walters, and this suit followed. After a jury trial, the tractor driver was assessed with sixty percent fault in causing the accident, and Richard Walters was assessed with forty percent. The jury calculated damages at $504,000.00 for Mr. Walters and $32,800.00 for Mrs. Walters, which amounts were reduced pursuant to the percentage of comparative fault assessed against Mr. Walters. The Walters have appealed, asking that Mr. Walters be found free from fault, that the general damage award be increased, and that the loss of consortium award to Mrs. Walters be increased. The defendants, Billy Willis, Timothy Welch, d/b/a Tim Welch Farms, and Shelter Mutual Insurance Company, have likewise appealed, alleging error in the awards for past lost wages, loss of earning capacity, and general damages, and in the assessment of all court costs against the defendants. For the following reasons, we amend the award of past lost wages and, in all other respects, affirm.

## FACTS

On October 2, 2004, the Walters were on a motorcycle proceeding south on Highway 15 when they approached a tractor also traveling south. Billy Willis, an employee of Tim Welch Farms, was driving the tractor from one soybean field to another in the course of a defoliation operation; the tractor was equipped with a spray boom folded down in the front. Mr. Walters testified that as he approached the tractor, he flashed his headlights, and the tractor driver seemed to veer to the right, as though to make more room on the roadway. However, when Mr. Walters began a passing maneuver, the tractor suddenly turned to the left and proceeded into a field. Mr. Walters testified that he made contact with the front of the tractor and veered to

the left and into a ditch. He estimated both drivers were going approximately forty miles per hour.

Mr. Willis testified that he did not see the motorcycle approaching from the rear until he started his turn. He explained that the tractor has a top speed of twenty miles per hour, and he estimated his turning speed at four or five miles per hour. Although he could not swear that his turning signal was on, he stated that he always uses his signal. Mr. Willis denied that a collision with the motorcycle even occurred: "The minute I started turning a motorcycle zoomed by me on the left side." As the motorcycle passed him on the left, he watched as it proceeded into a ditch and fell to the ground.

The investigating police officer testified that he issued no citations as a result of this incident. His investigation showed there was no contact between the two vehicles, and he noted very minor damage to the motorcycle.

**APPEAL**

The jury assigned fault to both drivers, finding Mr. Willis sixty percent at fault and Mr. Walters forty percent at fault. Our review of the record reveals no abuse of discretion in this factual determination. The conflicting evidence regarding speed, signals, and even whether a collision occurred lends support to the conclusion that both parties were at fault in causing the injuries to Mr. and Mrs. Walters.

The remaining issues raised by the parties pertain to damages. Mrs. Walters was awarded $5,000.00 in loss of consortium damages, which amount the plaintiffs contend should be increased. Mr. Walters was awarded $300,000.00 in general damages, and both the plaintiffs and the defendants have appealed this award. The defendants also argue that the figures awarded for lost wages and loss of earning

capacity are too high. The damages awarded to Mr. Walters were itemized with particularity on the jury verdict form as follows:

| | | |
|---|---|---|
| a. | Physical pain and suffering - past | $50,000.00 |
| b. | Physical pain and suffering - future | $50,000.00 |
| c. | Mental anguish, worry and anxiety - past | $50,000.00 |
| d. | Mental anguish, worry and anxiety - future | $50,000.00 |
| e. | Medical expenses - past | $29,000.00 |
| f. | Medical expenses - future | $25,000.00 |
| g. | Loss of Enjoyment of Life | $50,000.00 |
| h. | Permanent impairment/disability | $50,000.00 |
| i. | Economic loss - past | $75,000.00 |
| j. | Economic loss - future, including loss of earning capacity | $75,000.00 |

**TOTAL AMOUNT**                                            $504,000.00

Following the accident, Mr. Walters was transported from the scene in an ambulance. He was released from the hospital later that day and told to follow up with his regular physician regarding pain in his right knee and lumbar spine. Ultimately, Mr. Walters was diagnosed with two herniated discs, at the at L4-5 and L5-S1 levels, which were attributed by his treating physician to the accident. Mr. Walters was also diagnosed with a bone contusion in the right knee. Although Mr. Walters testified that he did not suffer from back pain prior to the accident, he was found to have preexisting degenerative disc disease, spondylosis, bone spurs, and congenitally narrow pedicles which make the spinal canal smaller than normal. In the two years between the accident and trial, Mr. Walters continually took pain medication and underwent numerous diagnostic tests, physical therapy, pain management, and steroid injections. Surgery for the herniated discs has been recommended, but Mr. Walters will probably be able to do only light duty work for the rest of his life.

Mr. Walters, a self-employed automobile mechanic, initially continued to work. He testified that he chose to turn down big jobs that he physically could not handle,

but after two years of working in pain and decreasing income, he decided to close his shop in September of 2006. The evidence in the record shows that Mr. Walters had an average net profit of $10,675.00 for the years from 2000 to 2005. He earned a net profit of $9,316.00 in 2004, the year of the accident. The following year, he made a profit of $12,750.00. As of the time of trial, the projected profit for 2006 was $5,000.00 to $8,000.00, despite the closure of the business in September. There was evidence that the Walters transferred some money from their personal savings to cover business expenses in 2005 and 2006, although the record was not clear as to how much money was involved or whether the profit figures reflected those funds or not.

In spite of this uncontradicted evidence, the jury awarded $75,000.00 in past lost wages. This award of damages is wholly unsupported by the record and must be reversed, as we are constrained by the principle that the record must provide a factual basis for the award. *Spears v. City of Scott,* 05-230 (La.App. 3 Cir. 11/2/05), 915 So.2d 983, *writ denied,* 05-2478 (3/31/06), 925 So.2d 1259. While it is true that a loss of business profits is not always susceptible of proof to a mathematical certainty, such a loss must be proved to a reasonable certainty, i.e., "by the more probable than not standard, and the award cannot be based on speculation and conjecture." *Bailes v. U.S. Fidelity & Guar. Co.*, 512 So.2d 633 (La.App. 2 Cir. 1987), cited by *Graham v. Edwards*, 614 So.2d 811, 819 (La.App. 2 Cir. 1993), *writ denied*, 619 So.2d 547 (La.1993). Accordingly, considering the below-average earnings in 2004 and 2006, and further considering that personal savings were used at some point to cover expenses, we award $20,000.00 in past lost wages.

Regarding other elements of damages, we find no abuse of discretion in the amounts assessed by the jury. The medical evidence supports the award for future

4

loss of earning capacity, as Mr. Walters will likely be capable of only light duty work regardless of future surgery and treatment options. The evidence as a whole also supports the general damage award to Mr. Walters, although it is at the high end of what could have been awarded in this case. Likewise, we find the record supports the loss of consortium award to Mrs. Walters. We also find no abuse of the trial court's great discretion in assessing court costs to the defendants.

For the above and foregoing reasons, the judgment of the trial court is amended to reflect a reduction in the amount of past lost wages awarded to Richard Walters; he is hereby awarded $20,000.00 in past lost wages. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the plaintiffs.

**AFFIRMED AS AMENDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

5